UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VIETNAM REFORM PARTY,<br><br>Plaintiff,<br><br>v.<br><br>VIET TAN - VIETNAM REFORM PARTY, et al.,<br><br>Defendants. | Case No. 17-cv-00291-HSG<br><br>**ORDER DENYING MOTION FOR ATTORNEYS FEES**<br><br>Re: Dkt. No. 107 |

On January 20, 2017, Plaintiff Vietnam Reform Party filed a trademark action against Defendants Viet Tan—Vietnam Reform Party ("VT Corp."), as well as individuals Nguyen Thanh Tu ("Tu") and Michelle Duong ("Duong"). Dkt. No. 1. Since then, only Defendant Tu has appeared. *See* Dkt. No. 50. Defendant Tu and Plaintiff entered into a settlement agreement, and Defendant Tu was dismissed with prejudice from this action. Dkt. No. 84. On January 14, 2019, Plaintiff sought default judgment against the remaining Defendants, VT Corp. and Duong. Dkt. No. 86. On August 26, 2019, the Court entered an Order granting in part and denying in part the motion for default judgment. Dkt. No. 90. Plaintiff now seeks an award of $164,981.00 in attorneys' fees and $7,140.56 in costs pursuant to F.R.C.P. § 54 and 15 U.S.C. § 1117(a) against Defendant VT Corp. No response or opposition has been filed.

District Courts may not accept "uncritically plaintiff's representations concerning the time expended on this case," as "such a procedure is inadequate." *Sealy, Inc. v. Easy Living, Inc.*, 743 F.2d 1378, 1385 (9th Cir. 1984). "The proper standard . . . is not whether the attorneys involved felt their time was usefully spent, but whether the time spent was reasonably necessary to the effective prosecution of plaintiff's federal trademark claims." *Id*. Further, because Plaintiff settled with Defendant Tu, any request should not include fees related to the litigation or

settlement proceedings as to him.

Plaintiff "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary." *Hensley v. Eckerhart*, 461 U.S. 424 (1983). With the exception of a vague statement that "our firm routinely cuts time incurred by its attorneys and other legal professionals, even though the actual time spent on the task was greater than that which was billed," no such effort by Plaintiff has been shown to this Court. Dkt. No. 107-1 ¶ 28. If Plaintiff has voluntarily reduced its fee request or excluded excessive hours, it must give the Court specific information regarding the amount of, and rationale for, such reduction. *See, e.g.*, *Twitch Interactive, Inc. v. Johnston*, 16-cv-03404-BLF, 2018 WL 3632171, at *4 (N.D. Cal. July 31, 2018).

Plaintiff also includes a description of the billing attorneys' credentials, and a chart of the hourly rate, total hours, and total amount billed for each attorney, paralegal, and law clerk. Dkt. No. 107-1 ¶¶ 11-27. Concerningly, Plaintiff also appears to include in the $164,981.00 in fees requested unbilled "expected fees that will be incurred in drafting" a reply to the present motion. Dkt. 107 at 3. As noted, no response or objection has been filed. The present record does not permit adequate review. *See, e.g.*, *Baskin-Robbins Franchising LLC v. Chun*, 18-cv-05476-BLF, 2019 WL 5268883, at *2 (N.D. Cal. Oct. 17, 2019) (noting that plaintiff submitted a "detailed itemization of attorneys' fees and costs," including a breakdown of hours spent on the complaint, motion for default judgment, motion for fees, and managing the case). This Court must be able to perform an "analysis of the time records actually presented in this case." *Sealy*, 743 F.2d at 1385.

For the reasons detailed above, the Court **DENIES** Plaintiff's motion without prejudice to the filing of an amended motion within 10 days from the entry of this Order that includes Plaintiff's time records and a detailed, itemized breakdown of fees and costs. Among the above-mentioned inclusions, such detailed breakdown must include the (1) hours and fees by timekeeper, and (2) hours and fees by task. Plaintiff must also provide detail or comparisons regarding "the prevailing fees for work of similar nature and quality in the area," rather than conclusory statements. Dkt. No. 107-1 ¶¶ 7, 10; *Sealy*, 743 F.2d at 1385.

**IT IS SO ORDERED.**

Dated: 2/25/2020

HAYWOOD S. GILLIAM, JR.
United States District Judge